J. C. BRADLEY v. DANIEL DINNEEN.[1]

January 23, 1903.

Nos. 13,058—(8).

**Trial—Order of Proof.**

It is within the province of the court upon the trial of a cause to control the order of introducing the proofs, and, in its sound discretion, it may exclude evidence upon any question until testimony tending to establish some other material fact has been first offered and received.

**False Representations—Evidence.**

Where the defense of no consideration for three notes depended upon proof of specific representations of the quality of a farm to a lessee, under the issues pleaded, the refusal of the trial court to admit evidence that the representations had failed, without a preliminary showing that they had been made, *held* not error.

Action in the district court for Waseca county to recover $486.73, and interest, upon three promissory notes. The case was tried before Buckham, J., who, upon the conclusion of the testimony, directed a verdict for plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 93 N. W. 116.

*P. McGovern* and *John Moonan*, for appellant.

*B. F. McGregor* and *E. B. Collester*, for respondent.

LOVELY, J.

Action upon three promissory notes. Defendant answered admitting the execution of the notes, but alleged that the consideration therefor had failed, for the reason that the notes were given for the rental of a farm by lease to defendant, which plaintiff represented was in good condition for farming purposes, that the land thereon was broken and tillable, and that there was no foul seed, or anything which would in any manner impair the growth of crops thereon. It was further alleged in the answer that defendant was unacquainted with the land, and relied upon such representations, which were untrue; also that at the time of making the lease and executing the notes the untruthfulness of the representations was known to plaintiff, although defendant relied thereon, with allegations of damage, for which he asked an affirmative judgment by way of counterclaim. There was a denial by reply of the affirmative defensive matter thus pleaded. At the trial defendant attempted to establish the allegations of his answer by evidence tending to show the condition of crops raised on the farm, which was objected to as improper, irrelevant, and immaterial. This objection was sustained over defendant's exception. Defendant then offered to prove that, at the time of the leasing of the land, defendant was unaware of its condition; also, that the farm contained foul seed, including wild mustard, and was so filled therewith as to render the same worthless and of no value. To this offer plaintiff objected, whereupon the court sustained the objection unless the defendant also proposed to prove representations made as to the character of the land of the nature pleaded in his answer, to which defendant excepted, and offered no evidence to sustain such representations, and rested, whereupon the court, at the request of the plaintiff, directed a verdict for the amount of the notes, which was entered. A motion for a new trial was made and denied. From this order defendant appealed.

The question involved on this appeal is within a very narrow compass. Defendant specifically alleged that certain representa-

tions had been made regarding the character of the farm he held under a lease constituting the consideration for the notes upon which the suit was brought, and whether the representations and defendant's reliance thereon be treated as a warranty of the condition of the farm, or such statements be considered as having been fraudulently made, in either event it was essential that they be established substantially as pleaded, to authorize their consideration by the jury to sustain defendant's claims; and it was within the discretion of the trial court to direct the order of introducing the evidence at the trial, and to require that evidence tending to show such representations be offered before the quality of the land could be shown. Therefore the exclusion of the testimony to show the character of the soil, under the conditions imposed by the court, went no further than to regulate the order of introducing the proofs, for the representations must have been made, to authorize a finding for defendant. The defendant declined to submit evidence tending to establish a material allegation in his answer, though notified by the court that he must do so before the evidence objected to could be received, and cannot now be heard to complain of the ruling upon the order of proof, which was discretionary. Having thus failed in material respects to sustain his counterclaim, the verdict was properly ordered for plaintiff.

Order affirmed.